CLD-090                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3161
_____

KENNETH STEPHEN HARPER-BEY,
Appellant

v.

STATE OF NEW JERSEY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:11-cv-07148)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed:  January 30, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Kenneth Stephen Harper-Bey, an inmate currently incarcerated at the Bertre

Correctional Institution in Windsor, North Carolina and proceeding pro se, appeals from

an order of the United States District Court for the District of New Jersey dismissing his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In his complaint, Harper-Bey, who refers to himself as a "Moorish American National," seeks to sue the State of New Jersey for "denationalization." As relief, he seeks compensation in the amount of two million dollars per year from the time of his birth, 200 acres of land per year from the time of his birth, immediate release from incarceration, and correction of his status or nationality on all public and private records. Harper-Bey filed his complaint pursuant to 42 U.S.C. § 1983 on November 30, 2011. On July 18, 2012, the District Court dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Harper-Bey timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may affirm the judgment of the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted).

We agree with the District Court that Harper-Bey's complaint fails to state a claim upon which relief can be granted. The Eleventh Amendment protects a state from a federal suit regardless of the relief sought, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. MCI Telecomm. Corp. v. Bell Atl.-Pa., 217 F.3d 491, 503-04 (3d Cir. 2001); see also Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Section 1983 does not abrogate states' immunity. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Furthermore, New Jersey has not waived its immunity in federal court. Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987), abrogated on other grounds by Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994); cf. N.J. Stat. Ann. § 59:1-2 (waiving immunity only

3

under the New Jersey Tort Claims Act). Accordingly, the District Court properly dismissed Harper-Bey's complaint against the State of New Jersey.[1]

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] Generally, a district court should not sua sponte dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) without providing an opportunity for the plaintiff to amend the complaint. However, because we do not see how Harper-Bey could have amended his complaint to overcome Eleventh Amendment immunity, amendment would be futile and we conclude that the District Court did not err by not allowing Harper-Bey leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).